# RECORD IMPOUNDED

### NOT FOR PUBLICATION WITHOUT THE
### APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2397-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.J.C.,[1]

     Defendant-Appellant.

_____

Submitted January 28, 2019 – Decided February 11, 2019

Before Judges Messano and Rose.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Accusation No. 16-09-1025.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (Nicole Paton, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials to protect the identities of the victims. R. 1:38(c)(9).

PER CURIAM

Defendant R.J.C. appeals from denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant pled guilty to a two-count accusation charging him with the June 19, 2016 second-degree sexual assault of K.F., an eleven-year-old relative, N.J.S.A. 2C:14-2(b), and first-degree aggravated sexual assault of A.D., another female relative who was less than thirteen-years old at the time, during a five-year period between 2001 and 2006. N.J.S.A. 2C:14-2(a)(1). In return, the State agreed to recommend that defendant be sentenced to a seven-year term of imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2(a), on count one, and that the judge sentence defendant as a second-degree offender on count two to a concurrent term of seven years imprisonment, also subject to NERA.

At the plea hearing, a Spanish interpreter was present and translated for defendant. Defense counsel elicited a factual basis for both charges, after which the judge questioned defendant about his understanding of the terms of the plea bargain and waiver of his rights. The judge determined that defendant had entered his guilty plea "knowingly and voluntarily."

Defendant participated in a psychological examination at the Adult Diagnostic & Treatment Center at Avenel (Avenel). See N.J.S.A. 2C:47-1. The

A-2397-17T4

report furnished to counsel and the court noted defendant's limited English language skills and confirmed the use of an interpreter for the interview. At sentencing, after noting defendant's statements during the Avenel evaluation conflicted with his guilty plea allocution, the prosecutor requested that defendant "indicate whether or not [his denial of the charges in count two] was an error and to reaffirm . . . his plea . . . is accurate." The judge placed defendant under oath, and defense counsel questioned him again using a Spanish interpreter.

Q: You had pled guilty to two counts of an indictment against you. Am I correct?

A: Yes.

Q: And you were asked a lot of detailed questions about the facts that gave rise to that guilty plea. Am I correct?

A: Yes.

Q: And you acknowledged that you were guilty of both the [f]irst [c]ount and [s]econd [c]ount of that [i]ndictment. Am I correct?

A: Yes.

Q: Okay. Are you asking this [c]ourt today or are you telling this [c]ourt that what you said under oath at the time of your plea agreement was inaccurate in any way? Are you saying that . . . the events did not occur?

3

A: No.

Q: Are you asking this [c]ourt today that you want to get out of the plea agreement and have this matter be put back on the trial calendar? . . .

A: No.

Q: . . . [D]o you want to be sentenced today?

A: Oh, yeah.

Q: Okay. And I had previously discussed with you what the terms of the plea agreement were. Am I correct?

A: Yes.

Following this colloquy, the judge sentenced defendant in accordance with the plea bargain. Defendant did not file a direct appeal.

Defendant filed a timely pro se PCR petition alleging the ineffective assistance of counsel (IAC). Defendant claimed that his counsel never gave him discovery, never used a translator, generally misinformed him and failed to properly investigate, including obtaining DNA samples from the victim. Appointed PCR counsel reiterated these claims in his brief.

Immediately prior to the PCR hearing on November 9, 2017, defendant furnished an investigation report detailing an October 2017 interview with, and statement given by, defendant's wife, A.J., to a defense investigator. This report

4

included the investigator's translation of the unsworn and undated statement from Spanish to English. It suffices to say that defendant claimed A.J.'s statement rebutted a claim made by one of the victims that A.J. entered the room while defendant was molesting her.[2]

After considering the arguments of the prosecutor and PCR counsel, the judge denied defendant's petition in a thoughtful and well-reasoned oral opinion. The judge entered a conforming order on November 14, 2017, and this appeal followed.

Before us, defendant contends he is entitled to an evidentiary hearing because the court documents — the waiver of indictment and plea forms — are entirely in English and there is no proof that trial counsel ever reviewed them with defendant while using a Spanish interpreter. Defendant also argues that plea counsel's failure to use a Spanish interpreter to communicate, and his failure to conduct any investigation as a result, demonstrated ineffective assistance. We disagree and affirm.

---

[2] In fact, the investigative report and statement do not identify whether A.J.'s claim rebutted the account of K.F. or A.D. A.J. denied seeing anything during a family gathering on Father's Day, which was June 19, 2016, the date alleged in the first count. However, the PCR judge noted that it was A.D., the victim in the second count, who claimed that A.J. came into the bedroom while defendant assaulted her.

A-2397-17T4

To establish a viable IAC claim, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). Additionally, a defendant must prove he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687. "When a defendant has entered into a plea agreement, a deficiency is prejudicial if there is a reasonable probability that, but for counsel's errors, the defendant would not have decided to forego the plea agreement and would have gone to trial." State v. McDonald, 211 N.J. 4, 30 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985); State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). Our Rules anticipate the need to hold an evidentiary hearing on IAC claims "only upon the establishment of a prima facie case in support of post-conviction relief." R. 3:22-10(b).

Simply put, there is no evidence supporting defendant's bald assertions that trial counsel failed to communicate with him or review discovery, and never used an interpreter. See State v. Porter, 216 N.J. 343, 355 (2013) (a defendant's PCR petition must contain "specific facts and evidence supporting his allegations"). The records from the plea proceedings and sentencing belie any claim that defendant was misinformed about the terms of the plea bargain or was

A-2397-17T4

actually innocent of the charges. The statement secured from A.J. actually rebuts defendant's claim that plea counsel failed to conduct any investigation because, in her statement, A.J. acknowledged speaking to counsel and providing him with the information. Lastly, as the PCR judge correctly noted, nothing in the record suggests that but for counsel's deficient performance, defendant would have foregone a highly favorable plea bargain and insisted on going to trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2397-17T4